UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

Chambers of
**GEORGE L. RUSSELL, III**
United States District Judge

101 West Lombard Street
Baltimore, Maryland 21201
410-962-4055

December 12, 2014

MEMORANDUM TO PARTIES RE:     Blanca P. Cedillos-Guevara, et al. v. Mayflower
Textile Services, Co., et al.
Civil Action No. GLR-14-196

Dear Parties:

      Pending before the Court is Plaintiffs' Motion for Conditional Certification and to Facilitate Notice under the Fair Labor Standards Act. (ECF No. 26). The Motion is ripe for disposition. The Court, having reviewed the pleadings and supporting documents, finds no hearing necessary pursuant to Local Rule 105.6 (D.Md. 2014). For the reasons outlined below, Plaintiffs' Motion will be granted.

      Defendant Mayflower Textile Services, Co. ("Mayflower") is a commercial laundry facility in Baltimore, Maryland that employs hourly-paid employees directly and indirectly through contracts with several labor companies, including Defendants East to West Enterprises Inc. ("East to West"), Argo Management Group, Inc. ("Argo"), Industry Cleaning Service LLC ("ICS"), and Villy's Corporation ("Villy's").[1] The named Plaintiffs were employed at Mayflower's facility and paid various hourly rates to perform manual labor. Mayflower set Plaintiffs' work schedules, required them to use its time clock machines, and recorded their hours of work. Mayflower's employee, Mr. Kanu, supervised Plaintiffs and either fired or threatened to fire them during their employment at the facility. Mayflower also collected the timesheets and sent them to the labor companies for paycheck disbursement.

      All Plaintiffs allege they regularly worked more than 40 hours per week and never received overtime compensation at a rate of one and one-half times their regular rate. They also allege their overtime hours were miscalculated. They were paid by different companies: Plaintiffs Blanca P. Cedillos-Guevara and Gabriel Eduardo Nunez were paid by East to West, Corina Chicas-Rodriguez was paid by ICS, and Julia Flor Vargas was paid by Argo and Villy's. Chicas-Rodriguez and Vargas state they were not compensated for some hours worked. Cedillos-Guevara and Nunez state they received some payments in cash that were short by $15 to $50.

      Plaintiffs filed a Complaint against Defendants on January 25, 2014, alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq. (2012) (Count I), the Maryland Wage and Hour Law ("MWHL"), Md.Code. Ann., Lab. & Empl. §§ 3-401 et seq. (West 2014)

---

[1] The Complaint alleges Defendant Mukul M. Mehta is "ultimately responsible" for Mayflower. The Complaint also alleges Defendant Valentin Abgaryan is an employer.

(Count II), and Maryland Wage Payment and Collection Law ("MWPCL"), Md.Code. Ann., Lab. & Empl. §§ 3-501 et seq. (West 2014) (Count III). (ECF No. 1). Mayflower and Mehta (jointly, "the Mayflower Defendants") and Argo, Villy's, and Abgaryan (jointly, "the Argo Defendants") filed Answers. (ECF Nos. 6, 7). East to West and ICS failed to respond to the Complaint and default was entered against them on April 16, 2014. (ECF No. 11). The Court issued an Amended Scheduling Order on June 16, 2014, which stated the discovery deadline will be contingent on the Court's ruling on the Motion for Conditional Certification. (ECF No. 24). Plaintiffs filed this Motion on August 4, 2014, requesting conditional certification under Section 216 of the FLSA and facilitation of notice to potential opt-in plaintiffs. (ECF No. 26). The Mayflower Defendants filed an Opposition to the Motion. (ECF No. 33). Plaintiffs filed a Reply to the Opposition. (ECF No. 38).

"Under the FLSA, plaintiffs may maintain a collective action against their employer for violations under the [A]ct pursuant to 29 U.S.C. § 216(b)." Quinteros v. Sparkle Cleaning, Inc., 532 F.Supp.2d 762, 771 (D.Md. 2008). Subsection 216(b) states FLSA actions may be maintained against any employer by one or more employees on behalf of himself or themselves and other employees similarly situated. 29 U.S.C. § 216(b). The provision includes an "opt-in" scheme where potential plaintiffs affirmatively notify the Court of their intentions to join the suit. Quinteros, 532 F.Supp.2d at 771 (citing Camper v. Home Quality Mgmt., Inc., 200 F.R.D. 516, 519 (D.Md. 2000)); see also § 216(b) ("No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.").

District courts have broad discretion in determining whether a collective action is appropriate and facilitating notice to potential plaintiffs. Syrja v. Westat, Inc., 756 F.Supp.2d 682, 686 (D.Md. 2010). In initial collective action certifications, the court must make a "threshold determination of 'whether the plaintiffs have demonstrated that potential class members are 'similarly situated,' such that court-facilitated notice to the putative class members would be appropriate.'" Ruiz v. Monterey of Lusby, Inc., No. DKC 13-3792, 2014 WL 1793786, at *2 (D.Md. May 5, 2014) (quoting Syrja, 756 F.Supp.2d at 686). Plaintiffs "need only make a 'relatively modest factual showing' that they are similarly situated in order to proceed as a class." Mancia v. Mayflower Textile Servs. Co., No. CCB-08-273, 2008 WL 4735344, at *2 (D.Md. Oct. 14, 2008) (quoting D'Anna v. M/A–COM, Inc., 903 F.Supp. 889, 894 (D.Md. 1995)). This showing may be made by factual evidence in affidavits or other means, "but mere allegations in the complaint [will] not suffice." Quinteros, 532 F.Supp.2d at 772 (citing Camper, 200 F.R.D. at 519). When the record makes it clear, however, that notice is not appropriate, the Court can deny certification. Bouthner v. Cleveland Const., Inc., No. RDB-11-0244, 2012 WL 738578, at *4 (D. Md. Mar. 5, 2012).

Plaintiffs generally bear the burden of showing that they are similarly situated, "but courts have ruled that 'similarly situated' need not mean 'identical.'" Id. at *4. Potential plaintiffs are similarly situated when they "were victims of a common policy or scheme or plan that violated the law." Essame v. SSC Laurel Operating Co. LLC, 847 F.Supp.2d 821, 824-25 (D.Md. 2012) (quoting Marroquin v. Canales, 236 F.R.D. 257, 260 (D.Md. 2006)). The Mayflower Defendants argue the putative plaintiffs are not similarly situated because the named Plaintiffs have not shown a common

2

policy, scheme, or plan among all Defendants.  The Mayflower Defendants state Plaintiffs are not their employees, the potential plaintiffs were hired and paid by different Defendants, and each Defendant used different payment methods.  They argue the disparity between potential plaintiffs renders conditional certification inappropriate.  Plaintiffs, however, argue Defendants are joint employers.

The FLSA defines "employer" to include "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d).  "Courts generally interpret this definition broadly, and an individual may be the employee of more than one employer at the same time." Bouthner, 2012 WL 738578, at *7.  "[A]ll joint employers are responsible, both individually and jointly, for compliance with all of the applicable provisions of the [FLSA], including the overtime provisions . . . ." 29 C.F.R. § 791.2(a) (2014).  Courts determine whether a joint employment arrangement exists by examining several factors, including "1) [a]uthority to hire and fire employees; 2) [a]uthority to supervise and control work schedules or employment conditions; 3) [a]uthority to determine the rate and method of payment; and 4) [m]aintenance of employment records." Bouthner, 2012 WL 738578, at *7 (citing Jacobson v. Comcast Corp., 740 F.Supp.2d 683, 689 (D.Md. 2010)).  Plaintiffs state, and Defendants do not refute, Mayflower's managers were authorized to fire employees, supervised them, controlled their work schedules and employment conditions, and maintained time clock records for each employee working in the facility.

The Court finds Plaintiffs have offered sufficient evidence at this stage to find that Defendants, though separate entities, are related employers.  See Velazquez v. FPS LP, No. 4:13-CV-1563, 2014 WL 3843639, at *5 (S.D.Tex. Aug. 4, 2014) ("Courts have held that it is appropriate to issue notice to potential class members when there is some evidence that employers are related . . . .").  Given the limited amount of evidence presented and the low burden of proof required for conditional certification motions, the Court will reserve judgment on whether Defendants qualify as joint employers under the FLSA.  See Manning v. Goldbelt Falcon, LLC, No. 08-3427 JEI, 2010 WL 3906735, at *3 (D.N.J. Sept. 29, 2010) ("In instances where a motion for conditional certification involves a potential class of employees that worked for separate, but related, employers, courts have reserved consideration of whether the separate employers are joint employers for a final, stage two determination.").

The Court finds Plaintiffs have made substantial allegations that the putative class members are the victims of a common policy implemented by Defendants whereby overtime wages were not properly paid.  Plaintiffs have produced sworn declarations stating their overtime hours were miscalculated and they did not receive overtime pay, in some cases supported by printouts of hours worked per day during particular pay periods and corresponding pay stubs and paychecks reflecting non-payment of overtime wages.  (Rodriguez Decl. at 27-2, ECF No. 3; Vargas Decl. 4, ECF No. 27-3; Nunez Decl. 3, ECF No. 27-4).  Accordingly, the Court finds Plaintiffs have demonstrated they are similarly situated and will, therefore, grant conditional certification. [2]

---

[2] The Court notes "if discovery shows that certain plaintiffs are not similarly situated due to

3

Additionally, the Court will facilitate notice of this action to employees who currently work, or have worked with in the past three years, in the Mayflower facility in Baltimore.[3]  Plaintiffs attached a proposed notice and consent form to be sent to the potential plaintiffs as part of their Motion.[4]  The Mayflower Defendants have objected to the proposed notice on several grounds: the notice's description of the lawsuit does not include Defendants' position, it does not state that potential opt-in plaintiffs may choose to join the action with their own counsel, it does not provide contact information for Defendants' counsel, the 90-day opt-in notice period is too long, and it seeks to impermissibly solicit clients on separate retaliation claims.

"The district court has broad discretion regarding the 'details' of the notice sent to potential opt-in plaintiffs." Butler v. DirectSAT USA, LLC, 876 F.Supp.2d 560, 574 (D.Md. 2012) (citing Lee v. ABC Carpet & Home, 236 F.R.D. 193, 202 (S.D.N.Y. 2006)).  The Court will direct Plaintiffs to amend the proposed notice to include a statement about Defendants' position and explicitly inform the putative plaintiffs of their option to join the lawsuit with their own counsel. See id. at 575.  Also, Plaintiffs must add contact information for Defendants' counsel to the amended notice, but limit it to counsel's name and address. See Arevalo v. D.J.'s Underground, Inc., No. DKC 09-3199, 2010 WL 2639888, at *4 (D.Md. June 29, 2010) (requiring limited inclusion of defense counsel's contact information).

Further, the Court is not persuaded that the notice period is unnecessarily long. See Butler, 876 F.Supp.2d at 575 ("Notice periods may vary, but numerous courts around the country have authorized ninety day opt-in periods for collective actions.").  Regarding the retaliation provision, the Court will direct Plaintiffs to revise the section as follows:

> Federal law prohibits Mayflower Textile Services, Co. and all other Defendants from discriminating or retaliating against you for joining this lawsuit.  If you believe you have been discriminated or retaliated against in any way as a result of your receipt of this Notice or your decision to participate in this lawsuit, you should contact Angela

---

differences in employers, the court can decertify the class or can create subclasses." Manning, 2010 WL 3906735, at *3 (citation omitted).

[3] Section 255 of the FLSA states "a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued." 29 U.S.C. § 255.  In a collective action, a cause of action commences for an opt-in plaintiff when the individual's written consent is filed. Id. § 256. The Complaint was filed on January 25, 2014 and alleges Defendants willfully violated the FLSA.  The proposed notice, however, seeks class members who were employed by the Defendants from January 2011 through the present.  The Court directs Plaintiffs to amend the proposed notice to seek class members who worked at the Mayflower facility from December 2011, at the earliest.

[4] Plaintiffs filed an amended consent form attached to their Reply to Defendants' Opposition to the Motion for Conditional Certification. (ECF No. 38-3). The Court approves the amended consent form.

Lima at 410-962-1030 or Cricelia Calderon 301-608-0880 immediately.

See Austin v. CUNA Mut. Ins. Soc., 232 F.R.D. 601, 608 (W.D.Wis. 2006); see also Williams v. ezStorage Corp., No. RDB-10-3335, 2011 WL 1539941, at *4 (D.Md. Apr. 21, 2011) (including retaliation provision in amended court notice).  The Court will direct Plaintiffs to file an amended notice within ten days of the date of this Order.

Lastly, Plaintiffs request Defendants provide the potential plaintiffs' identifying information including their names, last known addresses, telephone numbers, birthdates, and social security numbers.  Defendants argue Plaintiffs have failed to demonstrate a need for the opt-in plaintiffs' confidential information.  While some courts have permitted disclosure of telephone numbers, birthdates, and social security numbers, such disclosure required a showing of a special need for the information.  Arevalo v. D.J.'s Underground, Inc., No. DKC-09-3199, 2010 WL 4026112, at *2 (D.Md. Oct. 13, 2010) (citing cases).  While Plaintiffs state they require potential class members' telephone numbers because the members are semi-literate, they have not demonstrated an inability to contact the members through written notice.  Instead, they merely speculate that the notices will not be understood.  This argument is insufficient to justify the exposure of such personal information.  Also, Plaintiffs provide no justification for requesting birthdates and social security numbers.  Accordingly, the Court will direct Defendants to provide Plaintiffs with the names and last known mailing addresses of all hourly employees at the Mayflower facility in Baltimore, employed from December 2011 to present within fifteen days of the date of this Order.[5]

For the foregoing reasons, Plaintiffs' Motion for Conditional Certification and to Facilitate Notice under the Fair Labor Standards Act is GRANTED.  Despite the informal nature of this memorandum, it shall constitute an Order of the Court and the Clerk is directed to docket it accordingly and mail a copy to the parties at their addresses of record.

Very truly yours,

_____/s/_____
George L. Russell, III
United States District Judge

---

[5] The Mayflower Defendants state they only possess the names of the individuals who were or are currently paid by the remaining Defendants.  Accordingly, the Mayflower Defendants will not be required to produce addresses for those employees.