UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

|  |  |
|---|---|
| Chambers of<br>**GEORGE L. RUSSELL, III**<br>United States District Judge | 101 West Lombard Street<br>Baltimore, Maryland 21201<br>410-962-4055 |

January 27, 2015

MEMORANDUM TO PARTIES RE:     Blanca P. Cedillos-Guevara, et al. v. Mayflower
                                                                    Textile Services, Co., et al.
                                                                    Civil Action No. GLR-14-196

Dear Parties:

      Pending before the Court is Plaintiffs' Motion for Approval of Amended Notice. (ECF No. 46). The Motion is ripe for disposition. The Court, having reviewed the Motion and supporting documents, finds no hearing necessary pursuant to Local Rule 105.6 (D.Md. 2014). For the reasons outlined below, Plaintiffs' Motion will be granted in part and denied in part.

      On December 12, 2014, the Court granted in part and denied in part Plaintiffs' Motion for Conditional Certification and to Facilitate Notice under the Fair Labor Standards Act ("FLSA"). (ECF No. 43). The Court also directed Plaintiffs to file an amended notice that included Defendants', Mayflower Textile Services, Co. ("Mayflower") and Mukul M. Mehta (the "Mayflower Defendants"), position in the description of the lawsuit; and opposing counsel's contact information; a statement informing potential plaintiffs that they may obtain their own counsel in the matter; an updated retaliation provision; and a limited class period. (Id.). The Court approved the original Notice's ninety-day opt-in period. (Id.).

      In the Motion for Approval of Amended Notice, Plaintiffs request the Court extend the opt-in period to either April 30, 2015, or ninety days from the date Plaintiffs receive the list of employees from all Defendants, whichever is earlier. The Court notes, however, that it previously approved the ninety-day opt-in period to begin on the date Plaintiffs' notice was signed by the Court. (See ECF No. 43). The Court finds no reason to extend the opt-in period and will deny Plaintiffs' request. The Court will direct Plaintiffs to revise the Amended Notice to include the following: "The Consent Form must be returned within ninety days from the date on the last page of this Notice." Plaintiffs shall submit the revised notice within seven days of the date of this Order.

      Plaintiffs also request the Court to direct the Mayflower Defendants to post the Amended Notice in Mayflower's commercial laundry facility in Baltimore, Maryland. Plaintiffs assert they may have difficulty locating potential plaintiffs because the Mayflowers Defendants only have contact information for a limited number of employees and the remaining Defendants have defaulted and may not participate in discovery.[1] The Court will grant Plaintiffs' request and direct the

---

[1] Default was entered against Defendants East to West Enterprises Inc. and Industry Cleaning Service LLC on April 16, 2014, (ECF No. 11) and against Defendants Argo Management Group, Inc. (ECF No. 52) and Villy's Corporation (ECF No. 53) on January 5, 2015. Defendant Valentin

Mayflower Defendants to post the Court-approved notice by the time clocks at its facility.  See Randolph v. PowerComm Const., Inc., 7 F.Supp.3d 561 (D.Md. 2014) (requiring defendants to post copies of the notice at visible places at their worksites and office).

In the Opposition to the Motion (ECF No. 47), Defendants request that the notice include additional language regarding their position.  The Court, however, finds Plaintiffs' Amended Notice adequately puts potential plaintiffs on notice that Defendants deny the allegations.  See Byard v. Verizon W. Va., Inc., 287 F.R.D. 365, 374 (N.D.W.Va. 2012) (citing Moore v. Eagle Sanitation, Inc., 276 F.R.D. 54, 60 (E.D.N.Y. 2011)).  Accordingly, the Court will deny Defendants' request.[2]

Defendants also request removal of the language discussing Plaintiffs' minimum wage claim.  All named Plaintiffs submitted sworn declarations asserting that they worked hours for which they were not paid.  (See Memo. 1, ECF No. 43; Rodriguez Decl. 2, ECF No. 27-2; Vargas Decl. 2, ECF No. 27-3; Nunez Decl. 3, ECF No. 27-4).[3]  Plaintiffs further assert Defendants' failure to pay wages for all hours worked constitutes a failure to compensate Plaintiffs at a rate at least equal to the federal minimum wage in violation of the FLSA.  Accordingly, the Court will deny Defendants' request.

Lastly, Defendants argue the following statement is misleading and should be removed: "Your immigration status has no bearing on this lawsuit or on your right to recover wages owed to you."  (ECF No. 46-1).  "Federal courts have consistently recognized that the broad sweep of the FLSA encompasses undocumented workers."  Montoya v. S.C.C.P. Painting Contractors, Inc., 589 F.Supp.2d 569, 577 (D.Md. 2008).  The Court will, therefore, deny Defendants' request.

For the foregoing reasons, Plaintiffs' Motion for Approval of Amended Notice (ECF No. 46) is GRANTED in part and DENIED in part.  Despite the informal nature of this memorandum, it shall constitute an Order of the Court.  The Clerk is directed to docket it accordingly and mail a copy to the parties at their addresses of record.

                                    Very truly yours,

                                        /s/
                                  George L. Russell, III
                                  United States District Judge

---

Abgaryan is a pro se litigant, but has not responded to Plaintiffs' Motion.  The Court will not direct defaulted Defendants to comply with Plaintiffs' discovery demands.

[2] The Court will also deny Defendants' request to delete the statement regarding the attorney's fees, finding that the statement merely reiterates that the potential plaintiffs would not be required to pay any attorney's fees if they choose to join this action by signing and returning the Consent Form.

[3] This testimony establishes a sufficient preliminary factual showing that potential plaintiffs were victims of a common scheme.  See Camper v. Home Quality Mgmt., Inc., 200 F.R.D. 516, 520 (D.Md. 2000) (quoting Jackson v. N.Y. Tel. Co., 163 F.R.D. 429, 432 (S.D.N.Y. 1995)).