UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Northern Division

| | |
|---|---|
| BLANKA P. CEDILLOS-GUEVARA, et al.<br><br>      Plaintiffs,<br><br>v.<br><br>MAYFLOWER TEXTILE<br>SERVICES CO., et al.<br><br>      Defendants. | Civil Action No. 1:14-cv-00196-GLR |

## **ANSWER**

Defendant First Management, Inc. ("FM"), by counsel and pursuant to Rule 12 of the Federal Rules of Civil Procedure ("Rules"), respectfully states as follows for its Answer to the First Amended Complaint ("Complaint"):

1.	The allegations in paragraph 1 constitute conclusions of law to which no answer is required and, therefore, FM denies the same.

2.	FM is without sufficient information regarding the allegations in the first sentence of paragraph 2 and, therefore, denies the same. The remaining allegations in paragraph 2 constitute conclusions of law to which no answer is required and, therefore, FM denies the same.

3.	The allegations in paragraph 3 constitute conclusions of law to which no answer is required and, therefore, FM denies the same.

4.	The allegations in paragraph 4 constitute conclusions of law to which no answer is required and, therefore, FM denies the same.

5.      The allegations in paragraph 5 constitute conclusions of law to which no answer is required and, therefore, FM denies the same.

6.      FM is without sufficient information regarding the allegations in paragraph 6 and, therefore, denies the same.

7.      FM admits plaintiff Corina Chica Rodriguez was employed by one or more defendants. FM is without sufficient information regarding the remaining allegations in paragraph 7 and, therefore, denies the same.

8.      FM is without sufficient information regarding the allegations in paragraph 8 and, therefore, denies the same.

9.      FM is without sufficient information regarding the allegations in paragraph 9 and, therefore, denies the same.

10.     The allegations in the first sentence of paragraph 10 constitute conclusions of law to which no answer is required and, therefore, FM denies the same. FM is without sufficient information regarding whether Exhibits A through D constitute genuine and authentic consent forms and, therefore, denies the same.

11.     On information and belief, FM admits Mayflower Textile Services Company ("Mayflower") is a Maryland corporation with a place of business in Maryland. FM is without sufficient information regarding the remaining allegations in paragraph 11, which constitute conclusions of law to which no answer is required, and, therefore, denies the same.

12.     FM is without sufficient information regarding the allegations in the first sentence of paragraph 12 and, therefore, denies the same. FM is without sufficient information regarding the remaining allegations in paragraph 12, which constitute conclusions of law to which no answer is required, and, therefore, denies the same.

13.     FM is without sufficient information regarding the allegations in the first sentence of paragraph 13 and, therefore, denies the same. FM is without sufficient information regarding the remaining allegations in paragraph 13, which constitute conclusions of law to which no answer is required, and, therefore, denies the same.

14.     FM is without sufficient information regarding the allegations in the first sentence of paragraph 14 and, therefore, denies the same. FM is without sufficient information regarding the remaining allegations in paragraph 14, which constitute conclusions of law to which no answer is required, and, therefore, denies the same.

15.     FM is without sufficient information regarding the allegations in the first sentence of paragraph 15 and, therefore, denies the same. FM is without sufficient information regarding the remaining allegations in paragraph 15, which constitute conclusions of law to which no answer is required, and, therefore, denies the same.

16.     FM admits Service Industry Solutions, Inc. ("SIS") is a Maryland corporation with a place of business in Maryland. The remaining allegations in paragraph 16 constitute conclusions of law to which no answer is required and, therefore, FM denies the same.

17.     FM is without sufficient information regarding the allegations in the first sentence of paragraph 17 and, therefore, denies the same. FM is without sufficient information regarding the remaining allegations in paragraph 17, which constitute conclusions of law to which no answer is required, and, therefore, denies the same.

18.     FM admits it is a Maryland corporation with a place of business in Maryland. The remaining allegations in paragraph 18 constitute conclusions of law to which no answer is required and, therefore, FM denies the same.

19.     FM is without sufficient information regarding the allegations in the first sentence of paragraph 19 and, therefore, denies the same. FM is without sufficient information regarding the remaining allegations in paragraph 19, which constitute conclusions of law to which no answer is required, and, therefore, denies the same.

20.     FM admits Mukul H. Mehta is an individual who does business in Maryland. FM is without sufficient information regarding the remaining allegations in the first sentence of paragraph 20, which constitute conclusions of law to which no answer is required, and, therefore, denies the same. FM is without sufficient information regarding the remaining allegations in paragraph 20 and, therefore, denies the same.

21.     FM is without sufficient information regarding the allegations in the first sentence of paragraph 21, which constitute conclusions of law to which no answer is required, and, therefore, denies the same. FM is without sufficient information regarding the remaining allegations in paragraph 21 and, therefore, denies the same.

22.     FM is without sufficient information regarding the allegations in the first sentence of paragraph 22, which constitute conclusions of law to which no answer is required, and, therefore, denies the same. FM is without sufficient information regarding the remaining allegations in paragraph 22 and, therefore, denies the same.

23.     FM admits Andrey Gustov ("Gustov") is an individual who does business in Maryland. The remaining allegations in the first sentence of paragraph 23 constitute conclusions of law to which no answer is required, and, therefore, FM denies the same. FM admits Gustov has an ownership interest in FM. FM denies the remaining allegations in paragraph 23.

24.     Denied.

25.     The allegations in paragraph 25 constitute conclusions of law to which no answer is required and, therefore, FM denies the same.

26.     The allegations in paragraph 26 constitute conclusions of law to which no answer is required and, therefore, FM denies the same.

27.     The allegations in paragraph 27 constitute conclusions of law to which no answer is required and, therefore, FM denies the same.

28.     FM is without sufficient information regarding the allegations in paragraph 28 and, therefore, denies the same.

29.     FM is without sufficient information regarding the allegations in paragraph 29 and, therefore, denies the same.

30.     FM admits Mayflower operates a laundry facility located at 2601 Lexington Street, Baltimore, Maryland 21223. FM is without sufficient information regarding the remaining allegations in paragraph 30 and, therefore, denies the same.

31.     FM admits the laundry facility Mayflower operates at 2601 Lexington Street, Baltimore, Maryland 21223 launders a variety of products. FM denies it owns and operates this laundry facility. FM is without sufficient information regarding the remaining allegations in paragraph 31 and, therefore, denies the same.

32.     FM is without sufficient information regarding the allegations in paragraph 32 and, therefore, denies the same.

33.     FM is without sufficient information regarding the allegations in paragraph 33 and, therefore, denies the same.

34.     FM is without sufficient information regarding the allegations in paragraph 34 and, therefore, denies the same.

35.      FM is without sufficient information regarding the allegations in paragraph 35 and, therefore, denies the same.

36.      FM is without sufficient information regarding the allegations in paragraph 36 and, therefore, denies the same.

37.      FM is without sufficient information regarding the allegations in paragraph 37 and, therefore, denies the same.

38.      On information and belief, FM admits Ms. Chicas-Rodriguez has been paid by SIS. FM is without sufficient information regarding the remaining allegations in paragraph 38 and, therefore, denies the same.

39.      FM is without sufficient information regarding the allegations in paragraph 39 and, therefore, denies the same.

40.      FM is without sufficient information regarding the allegations in paragraph 40 and, therefore, denies the same.

41.      FM is without sufficient information regarding the allegations in paragraph 41 and, therefore, denies the same.

42.      FM is without sufficient information regarding the allegations in paragraph 42 and, therefore, denies the same.

43.      FM is without sufficient information regarding the allegations in paragraph 43 and, therefore, denies the same.

44.      FM is without sufficient information regarding the allegations in paragraph 44 and, therefore, denies the same.

45.      FM is without sufficient information regarding the allegations in paragraph 45 and, therefore, denies the same.

46.     FM is without sufficient information regarding the allegations in paragraph 46 and, therefore, denies the same.

47.     FM is without sufficient information regarding the allegations in paragraph 47 and, therefore, denies the same.

48.     Denied.

49.     FM is without sufficient information regarding the allegations in paragraph 49 and, therefore, denies the same.

50.     FM is without sufficient information regarding the allegations in paragraph 50 and, therefore, denies the same.

51.     FM is without sufficient information regarding the allegations in paragraph 51 and, therefore, denies the same.

52.     FM is without sufficient information regarding the allegations in paragraph 52 and, therefore, denies the same.

53.     FM is without sufficient information regarding the allegations in paragraph 53 and, therefore, denies the same.

54.     FM is without sufficient information regarding the allegations in paragraph 54 and, therefore, denies the same.

55.     The allegations in paragraph 55 constitute conclusions of law to which no answer is required and, therefore, FM denies the same.

56.     FM is without sufficient information regarding the allegations in paragraph 56 and, therefore, denies the same.

57.     FM is without sufficient information regarding the allegations in paragraph 57, which constitute conclusions of law to which no answer is required, and, therefore, denies the same.

58.     FM is without sufficient information regarding the allegations in paragraph 58 and, therefore, denies the same.

59.     FM is without sufficient information regarding the allegations in paragraph 59 and, therefore, denies the same.

60.     FM is without sufficient information regarding the allegations in paragraph 60 and, therefore, denies the same.

61.     The allegations in paragraph 61 constitute conclusions of law to which no answer is required and, therefore, FM denies the same.

62.     FM is without sufficient information regarding the allegations in paragraph 62 and, therefore, denies the same.

63.     FM is without sufficient information regarding the allegations in paragraph 63 and, therefore, denies the same.

64.     FM is without sufficient information regarding the allegations in paragraph 64 and, therefore, denies the same.

65.     FM is without sufficient information regarding the allegations in paragraph 65 and, therefore, denies the same.

66.     FM is without sufficient information regarding the allegations in paragraph 66 and, therefore, denies the same.

67.     FM is without sufficient information regarding the allegations in the first sentence of paragraph 67 and, therefore, denies the same. The remaining allegations in paragraph 67 constitute conclusions of law to which no answer is required and, therefore, FM denies the same.

68.     FM is without sufficient information regarding the allegations in paragraph 68 and, therefore, denies the same.

69.     The allegations in paragraph 69 constitute conclusions of law to which no answer is required and, therefore, FM denies the same.

70.     The allegations in the first sentence of paragraph 70 constitute conclusions of law to which no answer is required and, therefore, FM denies the same. FM is without sufficient information regarding the remaining allegations in paragraph 70 and, therefore, denies the same.

71.     FM is without sufficient information regarding the allegations in paragraph 71 and, therefore, denies the same.

72.     FM is without sufficient information regarding the allegations in paragraph 72 and, therefore, denies the same.

73.     FM is without sufficient information regarding the allegations in the first sentence of paragraph 73 and, therefore, denies the same. FM is without sufficient information regarding the remaining allegations in paragraph 73, which constitute conclusions of law to which no answer is required, and, therefore, denies the same.

74.     FM is without sufficient information regarding the allegations in paragraph 74, which constitute conclusions of law to which no answer is required, and, therefore, denies the same.

75.     FM is without sufficient information regarding the allegations in paragraph 75 and, therefore, denies the same.

76.     The allegations in the first sentence of paragraph 76 are denied. FM is without sufficient information regarding the remaining allegations in paragraph 76 and, therefore, denies the same.

77.     Denied.

78.     FM is without sufficient information regarding the allegations in paragraph 78 and, therefore, denies the same.

79.     Denied.

80.     Denied.

81.     The allegations in paragraph 81 constitute conclusions of law to which no answer is required and, therefore, FM denies the same.

82.     In response to paragraph 82, FM incorporates its answers to the allegations set forth in paragraphs 1 through 81 above.

83.     The allegations in paragraph 83 are denied as to FM. FM is without sufficient information regarding the remaining allegations in paragraph 83 and, therefore, denies the same.

84.     The allegations in paragraph 84 are denied as to FM. FM is without sufficient information regarding the remaining allegations in paragraph 84 and, therefore, denies the same.

85.     The allegations in paragraph 85 are denied as to FM. FM is without sufficient information regarding the remaining allegations in paragraph 85 and, therefore, denies the same.

86.     The allegations in paragraph 86 are denied as to FM. FM is without sufficient information regarding the remaining allegations in paragraph 86 and, therefore, denies the same.

87.     In response to paragraph 87, FM incorporates its answers to the allegations set forth in paragraphs 1 through 86 above.

88.     The allegations in paragraph 88 are denied as to FM. FM is without sufficient information regarding the remaining allegations in paragraph 88 and, therefore, denies the same.

89.     The allegations in paragraph 89 are denied as to FM. FM is without sufficient information regarding the remaining allegations in paragraph 89 and, therefore, denies the same.

90.     The allegations in paragraph 90 are denied as to FM. FM is without sufficient information regarding the remaining allegations in paragraph 90 and, therefore, denies the same.

91.     In response to paragraph 91, FM incorporates its answers to the allegations set forth in paragraphs 1 through 90 above.

92.     The allegations in paragraph 92 are denied as to FM. FM is without sufficient information regarding the remaining allegations in paragraph 92 and, therefore, denies the same.

93.     The allegations in paragraph 93 are denied as to FM. FM is without sufficient information regarding the remaining allegations in paragraph 93 and, therefore, denies the same.

94.     The allegations in paragraph 94 are denied as to FM. FM is without sufficient information regarding the remaining allegations in paragraph 94 and, therefore, denies the same.

95.     The allegations in paragraph 95 are denied as to FM. FM is without sufficient information regarding the remaining allegations in paragraph 95 and, therefore, denies the same.

96.     The allegations in paragraph 96 are denied as to FM. FM is without sufficient information regarding the remaining allegations in paragraph 96 and, therefore, denies the same.

97.     The allegations in paragraph 97 are denied as to FM. FM is without sufficient information regarding the remaining allegations in paragraph 97 and, therefore, denies the same.

98.     The allegations in paragraph 98 are denied as to FM. FM is without sufficient information regarding the remaining allegations in paragraph 98 and, therefore, denies the same.

99.     FM denies plaintiffs are entitled to any of the relief requested in the Complaint.

100.    Any allegation in the Complaint that is not expressly admitted herein is denied.

### First Affirmative Defense

The Complaint fails to state a claim on which relief can be granted against FM for the factual and legal reasons stated in this Answer.

### Second Affirmative Defense

The claims and related damages alleged in the Complaint are barred, in whole or in part, by the statute of limitations.

### Third Affirmative Defense

The claims alleged in the Complaint are barred against FM to the extent it did not employ plaintiffs.

### Fourth Affirmative Defense

Plaintiffs are barred from pursuing the claims alleged in the Complaint as a class or collective action because they were subject to different conditions of employment and are not similarly situated to each other or the class they seek to represent.

### Fifth Affirmative Defense

Plaintiffs are inadequate representatives of some or all of the individuals they seek to represent through a collective or class action in this case.

### Sixth Affirmative Defense

The claims alleged by plaintiffs on behalf of themselves and the individuals they seek to represent through a collective or class action in this case are matters in which individual questions predominate and, accordingly, are not appropriate for collective or class action treatment.

**Seventh Affirmative Defense**

Some or all of the claims alleged in the Complaint are barred because a collective or class action is not superior to other available methods for the fair and efficient adjudication of this case.

**Eighth Affirmative Defense**

The claims alleged in the Complaint are barred against FM because any related actions it took were done in good faith with a reasonable ground for believing such conduct did not violate applicable law.

**Ninth Affirmative Defense**

The claims alleged in the Complaint are barred against FM as to all hours purportedly worked of which they lacked actual or constructive knowledge.

**Tenth Affirmative Defense**

The claims alleged in the Complaint are barred against FM to the extent the time periods for which plaintiffs claim entitlement to overtime pay fall within the de minimis exception.

**Eleventh Affirmative Defense**

The claims alleged in the Complaint for unpaid overtime are barred against FM to the extent plaintiffs were exempt under the Fair Labor Standards Act ("FLSA") and Maryland Wage and Hour Law ("MWHL") because of the nature of their employment or their related compensation structure.

**Twelfth Affirmative Defense**

The claims alleged in the Complaint are barred against FM to the extent they are based on purported violations of the FLSA, MWHL, or Maryland Wage Payment and Collection Law by defendants other than them.

## Thirteenth Affirmative Defense

Plaintiffs are barred from recovering the damages alleged in the Complaint to the extent they have failed to mitigate their purported damages.

## Fourteenth Affirmative Defense

FM expressly reserves the right to raise and assert additional affirmative defenses as they become known.

WHEREFORE, having fully answered, First Management, Inc. respectfully requests the Complaint be dismissed with prejudice, it be awarded its attorneys' fees and costs, and such other relief as this Court may deem appropriate.

Respectfully submitted,


_____/s/_____

Robert A. Gaumont (D. Md. Bar No. 26302)
Womble Carlyle Sandridge & Rice, LLP
250 W. Pratt Street, Suite 1300
Baltimore, Maryland  21201
Telephone: (410) 545-5800
Facsimile: (410) 545-5801
E-mail: RGaumont@wcsr.com

Thomas J. Sawyer   (D. Md. Bar No. 12271)
Womble Carlyle Sandridge & Rice, LLP
8065 Leesburg Pike, Fourth Floor
Tysons Corner, VA 22182-2738
Telephone:  (703) 790-3310
Facsimile:  (703) 918-2241
E-mail: TSawyer@wcsr.com

Counsel for Defendants Service Industry Solutions, Inc., Andrey Gustov, and First Management, Inc.

## **Certificate of Service**

I certify that on September 24, 2015, a true and accurate copy of the foregoing Answer of First Management, Inc. was filed electronically with the Clerk of the United States District Court for the District of Maryland through the ECF system, which will send a related notice of electronic filing to:

Daniel A. Katz, Esq.
Lucy B. Bansal, Esq.
Law Offices of Gary M. Gilbert & Associates
1100 Wayne Avenue, Suite 900
Silver Spring, MD 20910
Co-counsel for Plaintiffs

Andrew D. Freeman, Esq.
Brooke E. Lierman, Esq.
Matthias L. Nisak, Esq.
Brown, Goldstein & Levy, LLP
120 East Baltimore Street, Suite 1700
Baltimore, MD 21202
Co-counsel for Plaintiffs

Scott Kamins, Esq.
Offit Kurman, P.A.
8171 Maple Lawn Boulevard, Suite 200
Maple Lawn, MD 20759

Russell B. Berger, Esq.
Darren H. Weiss, Esq.
Offit Kurman, P.A.
300 E. Lombard Street, Suite 2010
Baltimore, MD 21202

Counsel for Defendants Mayflower Textile Services Co.
and Mukul M. Mehta

I certify that on September 24, 2015, a true and accurate copy of the foregoing Answer of First Management, Inc. was served by first class mail, postage prepaid on:

East to West Enterprises, Inc.
6400 Baltimore National Pike
Baltimore, MD 21228

Wanda Williams, Registered Agent
for East to West Enterprises, Inc.
2056 Northeast Avenue
Baltimore, MD 21228

Argo Management Group, Inc.
2 Irving Place
Pikesville, MD 21208

Villy's Corporation
2 Irving Place
Pikesville, MD 21208

Valentin Abgaryan, Registered Agent
for Villy's Corporation
6900 Marsue Drive, Apartment T-1
Baltimore, MD 21215

Industry Cleaning Service LLC
400 E. Pratt Street, 8th Floor
Baltimore, MD 21202

Jose Pedro Gonzalez, Registered Agent
for Industry Cleaning Service LLC
400 E. Pratt Street, 8th Floor
Baltimore, MD 21202

_____/s/_____
Robert A. Gaumont